

Tagged Opinion

**ORDERED in the Southern District of Florida on November 09, 2009.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| GINN-LA ST. LUCIE LTD., LLLP, *et al.*, | Case No. 08-29769-BKC-PGH (Jointly Administered) |
|     Debtors. _____/ | |
| MALCOLM SINA, et al., | |
|     Plaintiffs, | |
|     vs. | Adv. Case No. 09-1545-PGH-A |
| DREW DILLWORTH, Chapter 7 Trustee, and WEST COAST INVESTORS, LLC | |
|     Defendants. _____/ | |

<u>MEMORANDUM ORDER: (I) DENYING WEST COAST INVESTORS, LLC'S MOTION
TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE</u>

**PARTIES; AND (II) GRANTING IN PART AND DENYING IN PART MOTION TO ABATE SUMMARY JUDGMENT BRIEFING SCHEDULE**

This matter came before the Court for hearing on October 8, 2009 ("Hearing") upon West Coast Investors, LLC's ("WCI") *Motion to Dismiss for Failure to Join Necessary and Indispensible* [*sic*] *Parties* (D.E.# 41) ("Rule 19 Motion"), *Motion to Abate Summary Judgment Briefing Schedule* ("Motion to Abate") (D.E.# 36), and Plaintiffs' *Response in Opposition to* [*Rule 19 Motion*](D.E.# 56) ("Response").

**BACKGROUND AND PROCEDURAL HISTORY**

On December 23, 2008, Ginn-LA St. Lucie, Ltd., LLLP; Ginn-St-Lucie GP, LLC; Tesoro Gold Club Condominium, LLC; and The Tesoro Club, LLC, (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, West Palm Beach Division. Drew Dillworth was appointed as the Chapter 7 trustee ("Trustee") of the Debtors' estates. In his *Emergency Motion for Authorization to Operate Debtors' Businesses Pursuant to 11 U.S.C. § 721, Nunc Pro Tunc to the Petition Date* (Main Case No. 08-29769, D.E.# 15) the Trustee described the Debtors' business as, *inter alia*, the owners and operators of two luxury resort style gated communities, Tesoro in Port St. Lucie, Florida ("Tesoro") and Quail West in Naples, Florida. The Debtors' bankruptcy cases

were consolidated for joint administration pursuant to the Court's Order entered on December 29, 2008 (Main Case, D.E.# 20).

On May 20, 2009, the Court entered an *Order Approving and Confirming the Trustee's Sale of Tesoro Property and Assets, Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363, to [WCI]* ("Sale Order") (Main Case, D.E.# 188). The Tesoro Property Owners Association filed an objection to the sale ("Objection")(Main Case, D.E.# 147), primarily on the basis that the legal issue - whether the Master Declaration and Membership Plan is a covenant running with the land or an executory contract subject to rejection – should be determined in advance of the Court approving the sale of Tesoro to WCI. Acknowledging the Objection, the Sale Order specifically stated that Tesoro was being sold subject to other matters of record including, *inter alia*, "all covenants that run with the land" and "the Master Declaration". Sale Order ¶ 8.  In the Sale Order, the Court also retained jurisdiction to enforce and interpret the terms of the Sale Order as well as to resolve "any dispute concerning the sale of the Tesoro Property, or the rights and duties of the parties with respect to the sale of the Tesoro Property." *Id.* ¶ 20.

**A. Procedural History**

On May 20, 2009, TCM Tesoro, LLC ("TCM") commenced this adversary proceeding by filing a *Complaint for Declaratory Relief* ("Complaint") (D.E.# 1). TCM is <u>not</u> the property owners association of Tesoro, but rather a separate association created to represent the interests of a group of 76 property owners who own 133 lots or parcels in Tesoro. *See* Complaint ¶ 8; Transcript Aug. 10. 2009 at 17 and 26 (D.E.# 30).

On July 1, 2009, WCI filed a *Motion to Dismiss for Lack of Standing, or Alternatively, for Permissive Abstention* ("Dismissal Motion") (D.E.# 8). In its Dismissal Motion, WCI maintained that TCM lacked associational standing to assert the relief sought by the Tesoro property owners in the Complaint. The Court's Order *Granting, in Part, and Denying, in Part,* [*WCI's Dismissal Motion*] ("Dismissal Order") (D.E.# 37) denied WCI's request for abstention and authorized TCM to file an amended complaint substituting one or more of TCM's members for TCM as party plaintiffs. On August 12, 2009, an *Amended Complaint for Declaratory Relief* (D.E.# 23) was filed in which ten members of TCM were substituted for TCM as the Plaintiffs in this action. On August 26, 2009, WCI filed its *Answer and Affirmative Defenses* (D.E.# 31).

On August 25, 2009, the Plaintiffs filed a *Motion to Clarify* ("Motion to Clarify")(D.E.# 29), wherein the Plaintiffs requested that the Court clarify whether the Dismissal Order authorized the Plaintiffs to add or substitute themselves to

this action as party plaintiffs. The Court's *Order Clarifying* [*Dismissal Order*] (D.E.# 57) authorized the Plaintiffs to substitute (rather than add) any or all members of TCM for TCM as party plaintiffs in this action. At the Hearing, the Plaintiffs and WCI agreed on the record that the Court's ruling on the Rule 19 Motion would apply to any corrected Amended Complaint subsequently filed by the Plaintiffs prior to entry of this Order. On October 16, 2009, the Plaintiffs filed a *Corrected Amended Complaint for Declaratory Relief* substituting all members of TCM for TCM as party plaintiffs ("Corrected Amended Complaint") (D.E.# 59). Accordingly, this Order shall apply to the Plaintiffs' Corrected Amended Complaint.

**B. Corrected Amended Complaint Allegations**

The Corrected Amended Complaint seeks a declaratory judgment as to the rights and obligations of the parties with respect to the Tesoro Master Declaration, including the Membership Plan.[1] Plaintiffs specifically seek a declaration: (1) that the Membership Plan is not an executory contract subject to rejection under 11 U.S.C. § 365; and (2) that the Master Declaration, including the Membership Plan, is a covenant running with the land burdening the Tesoro Property and making WCI responsible and liable for: a) Membership Refund Deposits[2];

---

[1] The Tesoro Master Declaration and Membership Plan are defined in Plaintiffs' Corrected Amended Complaint and attached as exhibits to the original Complaint.

[2] The Corrected Amended Complaint alleges that as of the petition date, a Club Membership cost approximately $120,000. Corrected Amended Complaint ¶ 30.

b) funding and maintaining the escrow account for membership deposits as adequate assurance for completion of the balance of club facilities promised pursuant to the Membership Plan including a third golf course, ocean side beach club, children's playground, and bathrooms for a second already-constructed golf course; c) constructing the aforementioned third golf course, beach club, playground, and bathrooms; and d) honoring the equity conversion and club membership caps. *Id.* ¶3. Plaintiffs allege that WCI is wrongfully denying its obligation to operate the club pursuant to the Membership Plan, that WCI is attempting to terminate the Membership Plan which grants valuable rights to the members, and that since the closing on the sale, WCI has closed the only golf course with bathrooms, fired most of the club staff, removed club property, and further made known its plans to run polo ponies on the driving ranges on Sundays, to convert the club to an equestrian club, and to "moth ball" the club. *Id.* ¶2.

### C. WCI's Rule 19 Motion

WCI's Rule 19 Motion alleges that there are as many as 400 additional Tesoro lot owners who are not parties to this action that should be joined as necessary parties (the "Non-Party Owners").[3] WCI's Rule 19 Motion seeks dismissal of the Amended

---

[3] In its post-hearing submission, WCI argued that there are as many as 800 additional Tesoro lot owners who are not parties to this action. The Court notes that while there are a significant number of Non-Party Owners, the

Complaint unless all of the Tesoro Non-Party Owners are joined as plaintiffs in this action.

A review of the main bankruptcy case docket indicates that the Non-Party Owners should have received notice of the issues raised in Plaintiffs' Corrected Amended Complaint by virtue of being served with, among other things: (1) the Trustee's Motion to Approve Sale to WCI and respective supplements (Main Case, D.E.#s 104, 111, 143, and 173); and (2) the Sale Order approving the sale of Tesoro to WCI. As of the date of this Order, the Court has received no request from any Non-Party Owner to join this action.

## CONCLUSIONS OF LAW

### I. *Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (N).

### II. *Compulsory Joinder*

WCI's Rule 19 Motion argues that all of the Non-Party Owners are necessary and indispensable parties to this action, such that this adversary proceeding must be dismissed pursuant to

---

exact number of such parties need not be determined for purposes of this Order.

Fed. R. Civ. P. 12(b)(7)[4], unless every Non-Party Owner is joined.

**A. *Federal Rule of Civil Procedure 19***

Federal Rule Civil Procedure 19 ("Rule 19"), governs required joinder of parties. It provides in pertinent part:

a) Persons Required to Be Joined if Feasible.

(1) Required Party.
A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A)  in that person's absence, the court cannot accord complete relief among existing parties; or

    (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i)  as a practical matter impair or impede the person's ability to protect the interest; or

        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"Rule 19 provides a two-part test for determining whether an action should proceed in a nonparty's absence." *City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999). "The first question is whether complete relief can be

---

[4] Fed. R. Civ. P. 12(b)(7) provides authority for a defensive motion to dismiss for failure to join a party under Rule 19.

afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations." *Id.* "If the answer to this first question is 'no,'" it is unnecessary to reach the second question which requires the Court to determine if the case should proceed or be dismissed in the event joinder of required parties is not feasible. *U.S. v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005) (*citing Marietta v. CSX*, 196 F.3d at 1305).

"In making the first determination - i.e., whether the party in question 'should be joined,' 'pragmatic concerns, especially the effect on the parties and the litigation,' control." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (*quoting Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir.1980)); *see also In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation."). As discussed below, Court need not reach the second question, because the answer to the first question in no. The Court finds that joinder of the Non-Owner Parties is not required pursuant to Rule 19.

**B.    *Non-Party Owners Presence Is Not Required***

Analysis of Rule 19(a)'s three subparts determines whether an absent party must be joined if feasible. These subparts embody "three distinct but interrelated tests." *BFI Waste Sys. of N. America, Inc. v. Broward County, Fla.*, 209 F.R.D. 509, 514 (S.D. Fla. 2002)(*citing* 4 James W. Moore, *Moores Federal Practice* § 19.03[1]). "First, an absent person shall be joined when complete relief cannot be granted among those already parties. This clause reflects the judicial system's interest in resolving disputes efficiently and avoiding duplicative litigation." *Id.* at 514-15 (*citing* Rule 19(a)(1) and advisory committee's note). "Second, an absent person shall be joined if the absent person claims an interest in the case, and a judgment may as a practical matter impair the absent person's ability to protect that interest. This clause reflects the judicial system's interest in avoiding prejudice to the absent person." *Id.* at 515 (*citing* Rule 19(a)(2)(i) and advisory committee's note). "And third, an absent party shall be joined if the absent person claims an interest in the case, and a judgment may subject one of the parties in the case to a 'substantial risk' of incurring multiple or otherwise inconsistent obligations as a result of the interest claimed by the absent person. This clause reflects the judicial system's interest in protecting the parties, usually the defendant, from the risk of inconsistent

obligations that may arise due to future litigation." *Id.* (*citing* Rule 19(a)(2)(ii) and advisory committee's note). "If any of these three tests are met, the absent person must be joined if feasible, i.e., the absent person is 'necessary'." *Id.*

### 1. Rule 19(a)(1)(A) Complete Relief

The Court finds that the Non-Party Owners are not required parties under Rule 19(a)(1)(A) because the Court can afford complete relief between the existing parties to this action. The "complete relief" factor is "concerned only with 'relief as between the persons already parties, not as between a party and the absent person whose joinder is sought.'" *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981) (citations omitted); *see also Wright v. Incline Vill. Gen. Improvement Dist.*, 597 F. Supp. 2d 1191, 1205 (D. Nev. 2009)("In making its determination, the court asks whether the 'absence of the party would preclude the [ ] court from fashioning meaningful relief as between the parties.'").

In this matter, complete relief can be granted to the existing parties absent joinder of the Non-Party Owners. The Corrected Amended Complaint solely seeks a declaratory judgment regarding a question of law: whether the Master Declaration and Membership Plan are covenants binding WCI or executory contracts subject to rejection pursuant to 11 U.S.C. § 365. The Corrected

Amended Complaint does not seek to recover any benefits on behalf of any individual owner. If the Court finds in favor of the Plaintiffs, the Plaintiffs would obtain complete relief in the form of a declaratory judgment holding that the provisions of the Membership Plan are covenants enforceable against WCI. The issue of whether the Non-Party Owners may or may not ultimately benefit from such a determination does not change the fact that such a ruling would provide the Plaintiffs with complete relief against WCI.

Similarly, if the Court finds in favor of WCI, the Membership Plan would be deemed a rejected executory contract. The Plaintiffs would retain rejection claims against the Debtors' estates, presumably relieving WCI from any liability on the rejected provisions. Thus, WCI would obtain complete relief with respect to its rights and obligations vis-à-vis the Plaintiffs. In either case, the Court can provide complete relief to the existing parties without joining the Non-Party Owners. Thus, the Non-Party Owners are not necessary parties under Rule 19(a)(1)(A).

In addition, because the Court can provide complete relief among the existing parties, the judicial system's interest in resolving disputes efficiently and avoiding duplicative litigation is served. *See BFI Waste Sys.*, 209 F.R.D. at 514-515. The Sale Order specifically reserved jurisdiction to this Court

to resolve disputes concerning the sale of Tesoro such as, for example, the issues raised in the Corrected Amended Complaint. Accordingly, this Court is the proper forum to determine the issues raised in this dispute. Furthermore, the Court's determination will clarify whether or not the Tesoro property owners have rejection claims against the Debtors' estates. Removing the existing uncertainty surrounding the claims administration process will promote judicial efficiency by enabling the Trustee to proceed with administration of the Debtors' estates for the benefit of creditors.

### 2. Non-Party Owners are Not Required Parties Under Rule 19(a)(1)(B)

The inquiries under Rule 19(a)(1)(B)(i) and (ii) are interrelated. These subsections are concerned with the judicial system's interest in avoiding prejudice to the absent person's ability to protect their claimed interest in the subject matter of the action, as well as the judicial system's interest in protecting the parties, usually the defendant, from the risk of inconsistent obligations that may arise from future litigation. *See id.* at 515.

#### a. *Burden*

The moving party bears the burden of demonstrating that absent persons must be joined to facilitate a just adjudication. *Pettiford v. City of Greensboro*, 556 F. Supp. 2d 512, 517

- 13 -

(M.D.N.C. 2008) (*citing Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)); *see also In re C.W. Mining Co.*, 2009 WL 1884437 at *2 (Bankr. D. Utah, June 30, 2009) ("The moving party has the burden of persuasion in arguing for dismissal.")(*citing Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

At the Hearing WCI argued that the Non-Party Owners are necessary parties to this action because at least one of them may oppose the relief sought by the Plaintiffs. In post-hearing submissions, counsel for WCI further argued that the burden of proof under Rule 19 is "atypical". WCI maintains that it need only identify the "possibility that an unjoined party whose joinder is requested under Rule 19 exists", and that having done that the burden shifts to Plaintiffs to negate that conclusion. However, such burden-shifting requires more than merely hypothesizing the possibility that an unjoined party exists, it requires an "initial appraisal of the facts" to determine the existence of an arguably indispensable unjoined party. *Boles v. Greeneville Housing Auth.*, 468 F.2d 476, 478 (6th Cir. 1972); *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986) (citing *Boles*, 468 F.2d 476); *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). WCI's speculation that at least one of the Non-Party Owners may oppose the relief sought by the Plaintiffs is insufficient to

establish that the Non-Party Owners are indispensable parties. *See Torcise*, 116 F.3d at 867 (party not indispensable where claims of multiple exposure were purely speculative). In addition, WCI's statement regarding burden-shifting is incomplete. The Sixth Circuit determined that "[w]here an initial appraisal of the facts reveals the possibility than an unjoined party is arguably indispensable, the burden devolves *upon the party whose interests are adverse to the unjoined party* to negate the unjoined party's indispensability to the satisfaction of the court." *Boles*, 468 F.2d at 478 (emphasis added).

This Court's initial appraisal of the facts is based upon the pleadings in this action,[5] and on the Court having taken judicial notice of the proceedings in the main bankruptcy case. Upon the Court's initial appraisal of the facts in this matter, it appears that the Plaintiffs are not parties "whose interests are adverse to the unjoined" Non-Party Owners. Indeed, an initial appraisal of the facts suggests that the interests of

---

[5] To the extent that WCI can be understood to argue that Plaintiffs failed their burden of pleading pursuant to Rule 19(c), the Court does not agree. Rule 19(c) "Pleading the Reasons for Nonjoinder" states:
  When asserting a claim for relief, a party must state:
        (1) the name, if known, of any person who is required to be joined if
        feasible but is not joined; and
        (2) the reasons for not joining that person.
Thus, Rule 19(c) triggers a pleading requirement when a party knows that another person is required to be joined. In this matter, Plaintiffs maintain that there are no other parties required for just adjudication of this action. Accordingly, Rule 19(c) is not implicated.

the Plaintiffs and the Non-Party Owners are aligned and adequately represented by the Plaintiffs. Thus, WCI's attempt to shift the burden of proof to the Plaintiffs is unavailing because the Non-Party Owners' interests and the Plaintiffs' interests are unlikely to be "adverse". However, to the extent that the interests of any Non-Party Owners might be aligned with the interests of WCI rather than with the Plaintiffs,[6] such Non-Party Owners' interests would be adequately represented by WCI in this action. *See Wright*, 597 F.Supp. 2d at 1208 ("[I]f an existing party can adequately represent an absent party's interest [in an existing action], then the absent party is not a necessary party under Rule 19(a)(1)(B)."). WCI has not met its burden to persuade the Court that joinder of the Non-Party Owners is required.

### b. *No Interest Claimed by Non-Party Owners*

Although the Non-Party Owners should have received notice of the issues in this action by virtue of having been served with, among other things, the Sale Order and its underlying motions, and supplements, no Non-Party Owner has claimed "an interest relating to the subject matter of the action". *See* Rule 19(a)(1)(B). Because an absent party must claim an interest in the subject matter of the action before such party is determined

---

[6] By way of example, a Non-Party Owner might favor WCI's new club plans over the club as provided for in the Membership Plan.

to be necessary and indispensable, the Court concludes that the Non-Party Owners, having not claimed an interest in the subject matter of this action, are not required parties under Rule 19(a)(1)(B). *See e.g. BFI Waste Sys.*, 209 F.R.D. at 517; *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir. 1983) (Rule 19(a)(1)(B) "[s]ubparts (i) and (ii) are contingent, however, upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action."); *Fed. Deposit Ins. Corp. v. County of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) (The defendant "cannot claim that the [absent parties] have a legally-protected interest in the action unless the [absent parties] themselves claim that they have such an interest and [they] have been silent."); *Fanning v. Group Health Co-op.*, 2008 WL 2148753 at *2 (W.D. Wash. May 21, 2008)("Rule 19(a)(1)(B) allows a forced joinder of an outside party only upon the impetus of that outside party." (*citing United States v. Bowen*, 172 F.3d 682, 689 (9th Cir.1999)).

### c. *Pragmatic Considerations Under Rule 19(a)(1)(B)(i)&(ii)*

The Fifth Circuit has noted that Rule 19 militates in favor of a highly practical, fact-based decision. *Pulitzer*, 784 F.2d at 1309; *Hood*, 570 F.3d at 628. The emphasis on pragmatism means that courts can freely consider "various harms that the parties and absentees might suffer." *Pulitzer*, 784 F.2d at 1309. Even

though the Non-Party Owners have claimed no interest in the subject matter of this action, it is nevertheless apparent to the Court that such owners possess such an interest. However, the Court finds that even if such interest had been claimed, Rule 19(a)(1)(B)'s subparts are not violated by not joining the Non-Party Owners. Disposing of the action in the Non-Party Owner's absence does not impair or impede their ability to protect such interest, nor does it leave WCI subject to a substantial risk of incurring inconsistent obligations. Boiled down to its essentials, this action presents a "yes or no" question. There are only two possible outcomes, a declaration that is either in favor of the Plaintiffs or in favor of WCI. There is no other outcome. Thus, as a practical matter, the Non-Party Owners' interests are adequately represented by either the Plaintiffs or WCI. This is not a case, like the ones relied upon by WCI, in which there exists an unrepresented party with an adverse competing interest such that a decision would subject one of the existing parties to a substantial risk of inconsistent obligations. A declaration of the legal question for or against WCI will not itself place WCI in breach of its obligations, if any, to the Non-Party Owners.

WCI argues that absent joinder of every single Non-Party Owner, Plaintiffs' Corrected Amended Complaint must be dismissed. Taken to its logical conclusion, WCI's request would

improperly prejudice the ability of a lot owner to enforce their rights under any declaration because it would require the lot owner to join all homeowners in any action to enforce such rights, irrespective of the relief sought by the lot owner. Under such a paradigm, a simple action challenging a covenant requiring standard mailboxes, would turn into complex and unnecessarily expensive litigation requiring the joinder of potentially hundreds (and in some cases thousands) of homeowners. Such an interpretation of Rule 19 would severely limit a homeowners access to court. The Sixth Circuit has noted that Rule 19 "must be read with a feeling for the various policy considerations which underlie it." *Boles*, 468 F.2d at 478, n.3. The Sixth Circuit further noted that it did "not wish to prejudice unduly the interests of parties properly before it on the basis of hypothetical claims of parties who are absent. Also the court is compelled by the desire to make available a judicial forum, to avoid the cost and time consumed in multiple litigation and to avoid possible inconsistent results in multiple litigation rising out of the same factual setting." *Id.* This Court's denial of WCI's Rule 19 Motion has been made with pragmatic considerations and these concerns in mind.

As a practical matter, since the Court reserved jurisdiction to enforce the Sale Order, any action by the Non-Party Owners to determine whether the Master Declaration and Membership Plan are

covenants running with the land will be decided by this Court. Thus, there is no risk of WCI incurring inconsistent obligations based upon the Court's determination in this matter, because this Court will decide any additional claims by nonjoined parties regarding whether or not the Master Declaration and Membership Plan are covenants running with the land. The Court is familiar with the issues and the forum is presently available. Pragmatic considerations, including the effect on the parties and the litigation, the Non-Party Owners failure to claim an interest in this action, the cost of litigation, timely adjudication, and the efficient administration of the claims process, coalesce in support of the Court's determination that the Non-Party Owners are not parties required to be joined in this action.

The philosophy of Rule 19 is to avoid dismissal whenever possible. *Heath v. Aspen Skiing Corp.*, 325 F.Supp. 223, 229 (D. Colo. 1971); *Fernandes v. Limmer*, 663 F.2d 619, 636 (5th Cir. 1981) (Courts confronted with motions to dismiss a suit for failure to join purportedly "indispensable parties" should properly approach the problem pragmatically; that is, where it is possible to resolve the dispute without adversely affecting the interests of the absent parties, the court should not dismiss the case). Thus, policy dictates that the instant action proceed without the joinder of the Non-Party Owners.

**III.** *Legal Authority Relied Upon by WCI is Factually Inapposite*

WCI's Rule 19 Motion primarily relies on *Wright v. Incline Vill. Gen. Improvement Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009), and *Dawavendewa v. Salt River Project Agric. Improvement Dist.*, 276 F.3d 1150 (9th Cir. 2002). These cases are factually distinct from this matter. Each case involves a nonjoined party with a competing interest; a situation not present in this matter. In these cases absent joinder of the nonparty, the defendant would be placed in an untenable position - comply with a court-ordered injunction and face a breach of contract suit by the nonparty, or refuse to comply with a court ordered injunction so as not to breach a contract with the nonparty.

*Wright* involved a municipal improvement district that purchased two parcels of private beachfront property within a development via a deed which contained a restrictive covenant limiting beach access solely to owners of lots already in existence in 1968, the date the deed was conveyed to the municipal improvement district. *Wright*, 597 F. Supp. 2d at 1197. The municipal improvement district enacted ordinances authorizing enforcement of the restrictive covenant. *Id.* A post-1968 owner sued the municipal improvement district seeking to invalidate the ordinances and obtain access to the beach. *Id.* at 1197-98. The court held that complete relief could not be granted absent joinder of the pre-1968 owners, because all the

court could do was invalidate the ordinance, leaving the
underlying restrictive covenant in place. *Id.* at 1206. Even if
the court enjoined the defendant municipality from enforcing the
ordinance restricting beach access, the pre-1968 owners could
still bring an action seeking enforcement of the restrictive
covenant in their similarly recorded documents. *Id.* at 1206- 07.
Thus, the court concluded that the post-1968 owner would not be
afforded complete relief even if successful, absent the joinder
of all pre-1968 owners. *Id.* at 1207.

In *Dawavendewa*, 276 F.3d 1150, the Navajo Nation leased land
to the defendant, who operated a business on the reservation.
*Id.* at 1153. Under the lease, the defendant was required to
extend employment preferences to qualified local Navajos. *Id.*
The plaintiff, a member of the Hopi Tribe, sought to enjoin the
defendant from enforcing the lease provision, but did not name
the Navajo Nation as a party. *Id.* at 1153-54. The court found
that it could not grant complete relief in the Navajo Nation's
absence, because the injunction sought would bind only the
defendant and the plaintiff, not the Navajo Nation. *Id.* at 1155.
This would subject the defendant to suit by the Navajo Nation
for breach of contract for failing to provide hiring preferences
to members of the Navajo Nation, even if ordered to do so by the
court. *Id.* at 1156. The defendant would have been placed
"between the proverbial rock and a hard place — comply with the

- 22 -

injunction . . . or comply with the lease." *Id.* at 1155-56.  As a result, the court determined that complete relief could not be afforded absent participation of the Navajo Nation. *Id.*

*Wright* and *Daeavendewa* involved circumstances that potentially placed a party in an impossible position - comply with a court ordered injunction and face a civil breach of contract suit by a non-party, or refuse to comply with a court ordered injunction so as not to breach a contract with a non-party. Here no such conundrum exists. Unlike *Wright* and *Daeavendewa*, the Non-Party Owners do not possess an adverse competing interest that would place WCI between the proverbial rock and a hard place. Accordingly, complete relief can be granted absent the joinder of the Non-Party Owners.

## CONCLUSION

For the reasons discussed herein, the Court finds that the Non-Party Owners are not parties required to be joined in this action. Complete relief can be afforded the existing parties. The Non-Party Owners have not claimed an interest in the subject matter of this action. However, even if such interest had been claimed, allowing this matter to proceed will not impair or impede such interest, nor will it subject WCI to a substantial risk of inconsistent obligations. Based upon the Court's initial appraisal of the facts, the Non-Party Owners do not possess an

adverse competing interest that requires their joinder. In addition, the policy concerns of Rule 19 are served by denying WCI's Rule 19 Motion.

## ORDER

The Court, having heard the arguments of counsel, having reviewed the submissions of the parties and the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Rule 19 Motion is **DENIED** with prejudice;

2. The Motion to Abate is **GRANTED**, in part, and **DENIED**, in part, the deadlines contained in the Court's Order Setting Briefing Schedule on Plaintiff's Motion for Summary Judgment are reset as follows:

   a. WCI shall file a response to Plaintiffs' Motion for Summary Judgment on or before November 27, 2009;

   b. The Parties shall file a Joint Stipulation of Facts on or before November 27, 2009;

   c. Plaintiffs' shall file a Reply on or before December 7, 2009.

#     #     #

Copies furnished to:

Luis Salazar, Esq.

Eyal Berger. Esq.

Attorney Berger is directed to serve a copy of this order on all interested parties not listed above and to file a certificate of service with the Court.